*In re* JOHN SULLIVAN, *Bankrupt.*

(Filed September 3, 1904.)

JUDGMENT DISCHARGING BANKRUPT—Will 'Not Be Disturbed, When. On appeal from a judgment of discharge in bankruptcy, where the objection to the discharge was that the bankrupt did not keep proper books of account, and purposely mutilated the same and fraudulently refused to account for all of his property, and where upon the hearing for discharge, thirty witnesses were

examined, and the question was one exclusively of fact, and for a correct determination depended entirely upon the credit to be given to the several witnesses, and where the witnesses appeared personally before the referee, and the referee recommended the discharge, and the trial court sustained the referee in such recommendation, and where the evidence was conflicting but sufficient to sustain the conclusion of the referee and the trial court, this court will not disturb the judgment of the trial court.

(Syllabus by the Court.)

*Error from the District Court of Cleveland County; before C. F. Irwin, Trial Judge.*

*Shartel, Keaton & Wells,* for objecting creditors.

*Newell & Jackson,* for bankrupt.

Opinion of the court by

PANCOAST, J.: This is an appeal from an order of the district court of Cleveland county, discharging John Sullivan in bankruptcy.

But one question is argued in the brief of appellant, and that is, that the court erred in granting the order of discharge, for the reason that the record shows that the bankrupt had not kept proper books of account, and had fraudulently refused to account for all of his property.

The question is one exclusively of fact. The record was made by a special referee. Thirty witnesses were examined, touching almost exclusively upon the conduct of the business of the bankrupt, the disposition of his property, and his accounts thereof. The record contains four hundred pages, single spaced, almost exclusively of evidence. The special referee answered certain interrogatories, and made his report to the court, and the court, upon petition, discharged the bankrupt. The report of the referee favored the discharge, and his action was sustained by the district court.

The briefs upon either side take up the evidence in detail in support of their respective positions. We have examined the record and find there is ample evidence upon which to base the decision of the trial court.

In attempting to determine the good faith of the bankrupt, there is much in the record pertaining to his acts and conduct that may be looked upon with suspicion, yet the trial court had all of the witnesses personally before it, including the bankrupt, and we are unable to say that the conclusion reached was not the correct one.

Being unable to discover any error in the action of the trial court, and believing the same to be correct, the judgment of the court below is affirmed.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.